UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ABDUL EL-AZIZ,

                          Petitioner,

   - against -

DARWIN LECLAIR,

                          Respondent.
------------------------------------------------------------X

**OPINION AND ORDER**

07 Civ. 2189 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/08

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

      Abdul El-Aziz filed a pro se petition for a writ of habeas corpus pursuant to section 2254 of title 28 of the United States Code ("section 2254"). El-Aziz asserts three separate grounds for relief: (1) his sentence constitutes an unreasonable application of sentencing law; (2) the trial court failed to adhere to precedent in terms of sentencing guidelines; and (3) a section of the New York Penal Code is ambiguous in a way that implicates his rights to due process.[1] For the reasons set forth below, El-Aziz's petition is denied.

## II. BACKGROUND

---

[1] *See* El-Aziz's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Habeas Petition") at 7-8.

1

A.  **Petitioner's Sentencing and Punishment**

El-Aziz was convicted in 1968 of numerous violent felonies and was sentenced to an aggregate prison term of 40 to 60 years.[2] By operation of the statute then in effect, El-Aziz was eligible for parole after 8 1/3 years.[3] El-Aziz was granted parole in 1980.[4] After committing subsequent felonies, El-Aziz was declared delinquent by the Division of Parole in 1984 and subjected to three separate criminal proceedings for engaging in various criminal activities following his parole.[5]

On November 19, 1985, El-Aziz was sentenced to four concurrent prison terms of 10 to 20 years following his conviction of four counts of first-degree robbery.[6] The original commitment order did not indicate that El-Aziz was a second felony offender or specify whether his sentence was to run concurrently

---

[2]  *See* Respondent's Memorandum of Law in Opposition to El-Aziz's Petition for a Writ of Habeas Corpus ("Resp. Mem.") at 2.

[3]  *See* Former Correction Law § 212-a(3), moved to Executive Law § 259-h(3).

[4]  *See El-Aziz v. Goord*, 811 N.Y.S. 2d 181, 182 (3d Dep't 2006).

[5]  *See* Resp. Mem. at 2. El-Aziz was convicted as a second violent felony offender in two of the proceedings, but as a second felony offender in the remaining proceeding.

[6]  *See id.*

or consecutively with the undischarged term of his unexpired 1968 sentence.[7] The sentencing court amended the commitment order in 2005 to reflect that El-Aziz was sentenced as a second violent felony offender.[8]

On November 25, 1985, El-Aziz was sentenced as a second felony offender to concurrent prison terms of 12 ½ to 25 years on a conviction for first and second degree robbery.[9] His sentence was ordered to run consecutively with his November 19, 1985 sentence.[10]

On December 5, 1985, El-Aziz was sentenced as a second violent felony offender to a prison term of 11 to 22 years for a first degree robbery conviction.[11] His sentence was ordered to run consecutively with his November 19, 1985 and November 25, 1985 sentences, as well as with the undischarged 1968 sentence.[12]

In sum, El-Aziz was convicted in three separate 1985 proceedings

---

[7] *See id.* at 3.

[8] *See id.*

[9] *See id.*

[10] *See id.*

[11] *See id.*

[12] *See id.*

3

and sentenced to an aggregate prison term of 33 ½ to 67 years, reduced to 25 to 50 years by operation of statute.[13] In calculating his term of imprisonment, the Department of Correctional Services ("DOCS") ran El-Aziz's 1985 sentences consecutive to the undischarged portion of El-Aziz's 1968 sentences pursuant to Penal Law § 70.25(2-a).[14]

### B. Petitioner's Appeal and Habeas Petition

In October 2004, El-Aziz commenced an Article 78 proceeding.[15] He argued that since the initial commitment order was silent on the matter, his 1985 sentence should have been construed as running concurrently with the remaining years on his undischarged 1968 sentence.[16] The People contended that because El-Aziz was sentenced as a second felony offender or a second violent felony offender in each of his 1985 convictions, his sentences were required to run

---

[13] *See El-Aziz*, 811 N.Y.S. 2d at 182; *see* Former Penal Law § 70.30(1)(c)(iii), moved to Penal Law § 70.30(1)(e).

[14] *See* N.Y. Penal Law § 70.25(2-a) (McKinney 2007). Penal Law § 70.25 (2-a) states that when second violent felony offenders who have undischarged sentences are sentenced for a new conviction, the court must apply the sentences consecutively.

[15] *See* N.Y. C.P.L.R. 78 (McKinney 2006).

[16] *See El-Aziz*, 811 N.Y.S. 2d at 182.

4

consecutively with the undischarged 1968 sentence by operation of law.[17] On March 22, 2005, the New York Supreme Court, Albany County, denied El-Aziz's petition on the grounds that his sentence was correctly ordered to run consecutively in accordance with Penal Law 70.25(2-a) and that "it did not matter that the Court was silent in relation to this issue."[18] On March 9, 2006, the Appellate Division, Third Department, upheld the state court's finding that DOCS was justified in its calculation of El-Aziz's sentence: "inasmuch as petitioner was sentenced in 1985 as a second felony offender, it was mandatory that his 1985 sentence run consecutively to his unexpired 1968 sentence, notwithstanding the fact that the sentencing court did not expressly indicate as much."[19]

## II. LEGAL STANDARD

### A. Section 2254

Section 2254 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") sets out the standard by which a district court must review a writ of habeas corpus on behalf of petitioners in state custody. AEDPA mandates that great deference be accorded to a state court when it has adjudicated the merits of a

---

[17] *See* Resp. Mem. at 4.

[18] *See El-Aziz v. Goord,* Index No. 6544-04, attached as Exhibit J to Respondent's Declaration in Opposition to Petition for a Writ of Habeas Corpus.

[19] *El-Aziz,* 811 N.Y.S. 2d at 182.

federal claim.[20] A motion filed under section 2254 must allege that the state court's adjudication of the claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.[21]

Under section 2254, a state court decision is "contrary to clearly established federal law" if the state court arrives at a conclusion different from that reached by the Supreme Court on a question of law or on a set of materially indistinguishable facts.[22] A state court decision involves an "unreasonable application of clearly established federal law" when the state court identifies the correct governing legal principle from a Supreme Court decision but does not apply that principle to the facts of the case in an objectively reasonable way.[23] To this end, a "federal habeas court may not grant relief simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."[24] Instead, the state court must

---

[20] *See Sellan v. Kulhman*, 261 F.3d 303, 309-10 (2d Cir. 2001).

[21] 28 U.S.C. § 2254 (d) (1).

[22] *See Williams v. Taylor*, 529 U.S. 362, 364 (2000).

[23] *Id.* at 365.

[24] *Id.*

have achieved "some increment of incorrectness beyond error."[25] The standard by which to distinguish "objectively unreasonable" state court decisions, which warrant federal interference, from merely "erroneous" ones, which do not, is not clearly defined.[26] Nonetheless, the Supreme Court has emphasized that even the presence of "clear error" by a state court does not constitute a proper ground for federal habeas relief.[27]

**B.　Penal Law**

Penal Law Section 70.25(1)(a) asserts, in relevant part:

> Except as provided in subdivisions two, two-a and five of this section, . . . when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and the undischarged term or terms in such manner as the court directs at the time of sentence. If the court does not specify the manner in which a sentence imposed by it is to run, the sentence shall run as follows . . . [a]n indeterminate or determinate sentence shall run concurrently with all other terms.

---

[25]　*Cotto v. Herbert*, 331 F.3d 217, 248 (2d Cir. 2003).

[26]　*Id.*

[27]　*Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness.").

7

DOCS calculated El-Aziz's sentence pursuant to Penal Law Section 70.25(2-a), which provides in relevant part:

> When an indeterminate or determinate sentence of imprisonment is imposed pursuant to section 70.04, 70.06 . . . . of this article, and such person is subject to an undischarged indeterminate or determinate sentence of imprisonment imposed prior to the date on which the present crime was committed, the court must impose a sentence to run consecutively with respect to such undischarged sentence.

Penal Law Section 70.04 applies to those who have been convicted as second violent felony offenders. Penal Law Section 70.06 applies to those who have been convicted as second felony offenders.

### C. Statutory Ambiguity Implicating Due Process

If the language of a statute is clear on its face and does not present any apparent ambiguity, a court's interpretive inquiry is complete and the plain language controls.[28] In the event of potential ambiguity, statutes are to be construed "'in a manner that requires decision of serious constitutional questions

---

[28] *See Rubin v. United States*, 449 U.S. 424, 430 (1981).

8

only if the statutory language leaves no reasonable alternative.'"[29] A statute will be taken to violate the principles of due process when its terms are so vague that "'men of common intelligence must necessarily guess at its meaning and differ as to its application.'"[30] Alternately, an ambiguous statute will be unconstitutional on due process grounds if it is so "standardless that it authorizes or encourages seriously discriminatory enforcement."[31]

### D. The Eighth Amendment

The Eighth Amendment of the Constitution prohibits "cruel and unusual punishment."[32] While the Court has suggested that the Eighth Amendment precludes sentences that are grossly disproportionate to the crime charged, it has not established a clear or consistent standard by which to determine if there is, in fact, a constitutional violation.[33] The Court has noted, however, that "outside the context of capital punishment, successful challenges to the

---

[29] *United States v. Lopez*, 514 U.S. 549, 562 (1995) (quoting *United States v. Five Gambling Devices*, 346 U.S. 441, 448 (1953)).

[30] *United States v. Lainier*, 520 U.S. 259, 266 (quoting *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926)).

[31] *United States v. Williams,* 128 S.Ct. 1830, 1845 (2008).

[32] U.S. Const. amend. XIII.

[33] *See Lockyer*, 538 U.S. at 71.

9

proportionality of particular sentences have been exceedingly rare."[34] In terms of felony offenses punishable by significant terms of imprisonment, the Court conceded that "one could argue without fear of contradiction by any decision of this Court that . . . the length of the sentence actually imposed is purely a matter of legislative prerogative" and should not be determined by the courts.[35]

## IV. DISCUSSION

### A. El-Aziz Presents A State Law Issue That Is Not Cognizable On Federal Habeas Review

In order for El-Aziz to qualify for habeas corpus relief, he must first demonstrate that he has a cognizable federal claim and thereby satisfy the standard for review set forth in section 2254. El-Aziz asserts that the state court acted both "contrary to" and "unreasonably applied" clearly established federal law.

El-Aziz posits that the relevant federal law that was contravened by the state court is the Supreme Court precedent set in *Hill v. United States*.[36] In *Hill*, a federal district judge orally sentenced a defendant to eighteen months in prison and a five thousand dollar fine. In the commitment order, the court clerk

---

[34] *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).

[35] *Id.* at 273 (upholding a life sentence given to a prisoner for obtaining $120.75 under false pretenses under Texas's three strikes law).

[36] 298 U.S. 460 (1936).

10

adhered to a common practice of the court and added the condition that the defendant remain in custody until the fine was paid. The Court voided the order, holding that the sentence imposed by a sentencing judge is controlling and may not be altered by an administrative amendment. The Court determined that "the only sentence known to the law is the sentence or judgment entered upon the records of the court."[37]

The *Hill* framework was most recently applied in *Earley v. Murray*.[38] In *Earley*, the defendant was sentenced to six years in prison pursuant to a plea deal. Unbeknownst to any of the parties involved in the sentencing, New York had recently passed a statute imposing a mandatory term of post-release supervision that applied to the defendant's sentence. Consequently, sometime within two years after his sentencing, DOCS amended defendant's sentence to include a five year post-release supervision term. The Second Circuit held that the term of post-release supervision could not be applied to the defendant because it increased his sentence beyond that imposed by the state court.

The analogy between the circumstances of El-Aziz's sentencing to the circumstances in either *Hill* or *Earley* is faulty. In those cases, administrative

---

[37] *Id.* at 463.

[38] 451 F.3d 71 (2d Cir. 2006).

11

personnel effectively increased the sentences imposed upon the defendants by the court. Here, DOCS did not alter the length of El-Aziz's sentence or impose additional terms upon its own initiative. Instead, DOCS merely calculated the sentence in accord with a statutory directive by which judges themselves were bound.[39] Penal Law § 70.25(2-a) mandates that because El-Aziz was sentenced as a second violent felony offender and a second felony offender for his 1985 convictions, those sentences must run consecutively to his undischarged 1968 sentence, even without explicit instruction from the court.

While El-Aziz asserts that Penal Law § 70.25(1)(a), and not § 70.25(2-a), applies in calculating his sentence, there is no valid basis for his contention. Whether or not the initial commitment order specified El-Aziz's status as a second violent felony offender is, for all intents and purposes, irrelevant under Penal Law § 70.25(a-2). The statutes state that anyone who is convicted as either a second violent felony offender or a second felony offender is subject to their provisions if the court remains silent as to how the sentences are to run. Penal Law 70.25(a-2) does require courts to explicitly identify defendants as second violent felony offenders or second felony offenders in their commitment orders in order for the statutory provision to apply.

---

[39] *See Collins v. Woodruff*, 821 N.Y.S.2d 496, 496 (3d Dep't 2006).

Further, the commitment order was later amended by the sentencing court to accurately reflect the fact that El-Aziz was sentenced as a second felony offender. As the N.Y. Court of Appeals has explained, "[i]t is well settled that courts possess 'inherent power to correct their records, where the correction relates to mistakes, or errors, which may be termed clerical in nature, or where it is made in order to conform the record to truth.'"[40] This power has been specifically applied to sentencing errors.[41] The state court therefore acted appropriately in amending the commitment order. Because the state court properly applied the principles of *Hill*, there is no basis for federal habeas review on the ground that the state court incorrectly or unreasonably applied federal law.

Nor can El-Aziz make the argument that his sentence violated the Eighth Amendment prohibition against cruel and unusual punishment because he received a lengthier sentence than he otherwise would have. While the state court judge may have been more lenient had he been aware of El-Aziz's status– and that the 1985 sentences would run consecutively with the undischarged 1968 sentence– a federal court may not, on habeas review, speculate as to what a state

---

[40] *People v. Minaya,* 54 N.Y.2d 360, 364 (1981) (quoting *Bohlen v. Metropolitan Elev. Ry. Co.,* 121 N.Y. 546, 550-551 (1890)).

[41] *See Sedotto v. Jackson,* 121 N.Y. 291, 295 (1954).

court judge may have done differently. As the Supreme Court explained, "it is not the province of a federal habeas court to reexamine state-court determinations on state law questions. In conducting federal review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."[42]

The lack of any clear Supreme Court precedent on the intersection of the Eighth Amendment and lengthy sentences negates any claim that the state court contradicted clearly established federal law. The fact that El-Aziz's sentence was significantly reduced in accordance with an existing state statute further decreases the possibility of an Eighth Amendment violation. As such, the action of the state court did not implicate any federal interests for purposes of habeas review.

### B. There Is No Constitutional Challenge Regarding the Penal Statute That Would Negate the Calculation of El-Aziz's Sentence

El-Aziz argues that there is an inherent ambiguity in Penal Law 70.25 that violates his constitutional due process rights. However, there seems to be little basis for that conclusion. In this case, any alleged difficulties in applying the statute are not immediately apparent. The statute unequivocally states that in

---

[42] *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991).

14

those circumstances where sentencing courts do not specify whether a sentence is to run concurrently or consecutively with an undischarged sentence, the sentences are to run concurrently unless the defendant falls into certain categories. El-Aziz does not dispute that he is classified within such a category, only that his actual classification is irrelevant in light of the court's failure to denote him as a second felony offender. El-Aziz also does not dispute that the state legislature sought to impose stricter sentences for certain repeat offenders. It is widely accepted that "[i]f the statutory language is unambiguous, in the absence of a 'clearly expressed legislative intent to the contrary, that language must be regarded as conclusive.'"[43] Additionally, "authoritative administrative constructions should be given the deference to which they are entitled."[44] As such, this Court's inquiry is complete and the plain meaning of the language controls.

## V. CONCLUSION

For the foregoing reasons, El-Aziz's section 2254 petition is denied. The remaining issue is whether to grant a certificate of appealability ("COA"). For a COA to issue, petitioner must make a "substantial showing of the denial of a

---

[43] *United States v. Turkette*, 452 U.S. 576, 580 (1981) (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980)).

[44] *Id.*

15

constitutional right."[45] A "substantial showing" does not require a petitioner to demonstrate that he would prevail on the merits, but merely that reasonable jurists could debate whether "the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"[46] Petitioner has made no such showing. Accordingly, I decline to grant a certificate of appealability. The Clerk of the Court is directed to close this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:  New York, New York
        September 26, 2008

---

[45] 28 U.S.C. § 2253(c)(2).

[46] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). *Accord Middleton v. Attorneys Gen. of the States of New York and Pennsylvania*, 396 F.3d 207, 209 (2d Cir. 2005) (denying COA where reasonable jurists could not debate whether the district court's dismissal of the petition was correct).

16

## -Appearances-

**Petitioner (Pro Se):**

Abdul El-Aziz
P.O. Box 51
Comstock, NY 12821


**For Respondent Darwin Le Clair:**

Lisa Fleischmann
Priscilla Steward
Assistant Attorneys General
120 Broadway
New York, NY 10271
(212) 416-8737